

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

ENTERED
09/02/2009

IN RE:                  §
                         §           CASE NO. 09-00501
EDWARD P. FAHEY,       §
     ATTORNEY          §

## MEMORANDUM OPINION
## FINDINGS OF FACT AND CONCLUSIONS OF LAW
## RELATED TO EXERCISE OF AUTHORITY UNDER BANKRUPTCY CODE § 526
## AND OTHER APPLICABLE AUTHORITY

        For reasons set forth below, the Court finds that Mr. Edward Fahey ("Counsel") has demonstrated a clear and consistent pattern of (1) failure to file information required by Bankruptcy Code § 521 when he files petitions commencing cases under the Bankruptcy Code, (ii) inadequate representation of clients, (iii) lack of expertise in bankruptcy law, (iv) unreasonable delegation of authority and responsibility to a contract paralegal that resulted in substantial harm to bankruptcy debtors, (iv) filing pleadings containing false statements, and (v) failure to comply with the Bankruptcy Code, Federal Rules of Bankruptcy Procedure (FRBP), and local rules. The pattern is clear and egregious. Counsel has failed to respond to prior admonitions. The Court concludes that the defalcations were either intentional or represented contemptuous indifference for the Bankruptcy Code, FRBP, local rules, and interests of clients. Therefore, by separate order issued this date, the Court has enjoined Mr. Fahey from providing Bankruptcy Assistance to Assisted Persons (both terms as defined by the Bankruptcy Code) except as may be necessary in client engagements that pre-date this order; Counsel may arrange for the existing clients to obtain new counsel or may continue to represent the existing clients if they refuse or are unable to obtain successor counsel. The injunction will be terminated upon request by Counsel if Counsel demonstrates the ability and intent to represent clients competently and to comply with the statute and rules. The Court will also forward this memorandum and the related order to the Chief Judge of the Southern District of Texas and to the State Bar of Texas for such disciplinary action as they might deem appropriate.

A.         Procedural Context

        On June 29, 2009, the Court issued an order opening this miscellaneous case for consideration of disciplinary action against Edward Fahey ("Counsel") under Bankruptcy Code § 526 and other related authority as set out in the order (docket #1). Additional orders in cases numbered 08-50288, 09-50070 (Hernandez) and 09-50069 (Armendariz) raised similar issues. The Court held a combined hearing on all such matters on July 15, 2009. William Heitkamp (chapter 13 Trustee) and the United States Trustee presented evidence. Mr. Fahey appeared for the hearing. He did not contradict the evidence presented, and did not examine witnesses.[1] The

---

[1] However, Mr. Fahey did present evidence regarding whether Ms. Armendariz had received pay advices.

Court gave the parties an opportunity to file memoranda of authorities.  Mr. Heitkamp and the United States Trustee filed memoranda.  Mr. Fahey did not.

This memorandum opinion constitutes the Court's findings and conclusions in all three matters listed in the preceding paragraph.  The order issued in this miscellaneous proceeding governs all these matters.

B.          Review of Counsel's Cases Filed Over Approximately Three Years

1.          Chapter 13 Cases

The Court reviewed all chapter 13 cases filed by Counsel for the period January 1, 2006, through March 31, 2009.  In that period, Mr. Fahey filed 62 cases.  Ninety-two percent of those cases were dismissed without the Debtor obtaining a discharge.

Forty-seven percent of those cases were dismissed for simple failure to file information required by Bankruptcy Code § 521.[2]  The Clerk reviews all cases as they are filed and gives Counsel and debtors notice when information is missing.[3]  The notice includes a warning that the statute provides for automatic dismissal of the case if the information is not filed by the statutory deadline.  In 47% of the cases he filed, Counsel failed to file the information despite those warnings.  In some cases, Counsel had the requisite information in his files, but simply did not file it.[4]

In 16% of the cases he filed, the case was dismissed on motion of the chapter 13 Trustee because the chapter 13 plan did not satisfy statutory requirements.  Sixty-one percent of the cases that counsel filed were dismissed in the first 90 days after they were filed.

Counsel did not dispute these figures at the hearing held on July 15.  He argued that his experience was similar to, or better than, the national average.  He did not assert that he had any objective evidence to support that contention.  Counsel also argued that the lack of success in his cases was related to the general poverty, lack of financial sophistication, and lack of financial records of the population from which he draws his clients.

The Court finds that argument to be unpersuasive.  In the order that initiated this miscellaneous proceeding, the Court compared the statistics of other attorneys in Laredo.  Although those attorneys draw their clients from the same population, their results are significantly better:

---

[2] Section 521 of the Bankruptcy Code, enacted by BAPCPA, requires a debtor to file certain information; Rule 1017 of the Federal Rules of Bankruptcy Procedure (FRBP) sets a deadline for filing this information: 15 days after the filing of the petition.  Section 526(c)(2)(B) imposes liability on an attorney/debt relief agency intentional or negligent failure to file that information.

[3] This review is not required by statute or local rules.  It is provided for the benefit of *pro se* debtors and as a courtesy to counsel for debtors who are represented by counsel.

[4] The evidence at the hearing showed that many of the cases filed by Mr. Fahey were duplicate filings for debtors whose prior cases had been dismissed previously.  In some circumstances the information was filed in the first case, but not in the second or third case.

| | Mr. Fahey | Other Attorneys |
|---|---|---|
| **Number of Chapter 13 Cases Filed 1/1/2006 to 3/31/2009** | 62 | 226 |
| % of cases that were dismissed | 92% | 28% |
| % of cases dismissed for failure to file § 521 information | 47% | 2% |
| % of cases dismissed within 90 days after petition was filed | 61% | 6% |

The chapter 13 Trustee made an independent analysis of Counsel's cases, covering a different time period and involving slightly different criteria. The Trustee introduced into evidence that:[5]

1. Over 70% of Counsel's chapter 13 cases were dismissed or converted to chapter 7 prior to confirmation of a chapter 13 plan.
2. That dismissal/conversion rate is more than twice the rate applicable to all other Laredo attorneys.
3. Of the cases that Counsel filed between August 1, 2006, and June 30, 2009, Counsel did not sign 18 of the petitions that commenced the case, despite FRBP 9011 and the Official Form petition requiring counsel to sign the petition.
4. Sixteen of the 18 petitions that Counsel did not sign were problematic or outright false in that they:
   a. Stated that the filing fees had been paid when they had not yet been paid;
   b. Failed to disclose prior cases that the debtor(s) had filed, even though Counsel was obviously aware of the prior filings since he had filed the petitions commencing the cases; or
   c. Certified that the debtor had received the budget and credit counseling course required by Bankruptcy Code § 109(h) but no certificate was ever filed with the Court as required by Bankruptcy Code § 521.
5. In those 16 cases,
   a. The list of creditors was not filed as required by FRBP 1007;
   b. A wage order was not requested as required by the Local Rules;
6. The Trustee, who examines each case that is filed and conducts creditors' meetings in each case, reported in his memorandum of authorities that similar problems pervade all of the cases filed by Counsel.

Mr. Fahey was provided with the chapter 13 Trustee's exhibits in advance and received a copy of the chapter 13 Trustee's memorandum. Mr. Fahey did not contradict either.

The chapter 13 Trustee's evidence reasonably leads to the conclusion that Mr. Pedro Lopez (Counsel's paralegal) is responsible for many of these problems. Mr. Lopez has no formal education in bankruptcy practice; he learned some of the requirements while working for Ms. Cronfel-Meurer, who practices bankruptcy law in Laredo. After a few years with Ms. Cronfel-Meurer, Mr. Lopez began to offer his services to other attorneys in the Laredo area and

---

[5] The chapter 13 Trustee filed a memorandum of authorities on August 4, 2009, (docket # 14). In that memorandum the Trustee provides a much more complete analysis. The Court has reviewed the memorandum in detail and agrees with the Trustee's analysis of the facts and his conclusions. The Court adopts that analysis.

he currently works on a contract basis for at least 3 attorneys, preparing bankruptcy petitions and other filings.

When questioned, Mr. Lopez refused to answer a number of questions, asserting his privilege against self-incrimination under the Fifth Amendment of the United States Constitution.  It was not entirely clear what criminal issues might be related to the questions.  Mr. Lopez seemed to be concerned about any implication that he was using bankruptcy software to prepare Counsel's bankruptcy filings, but was doing so without proper license and despite cease and desist demands of the software vendor.  Or, Mr. Lopez might have been concerned about the possibility of incriminating himself with respect to the unauthorized practice of law.

From the testimony that Mr. Lopez was willing to give, the Court concludes that most of the work and the decisions regarding representation of Counsel's clients is delegated to Mr. Lopez, in many cases without substantial supervision.  Counsel is only tangentially involved.  This conclusion is consistent with the Court's observations during a number of hearings.  When the Court asks even basic questions about the client's case, Counsel turns to Mr. Lopez for the answers.

2.       Chapter 7 Cases

The United States Trustee analyzed the chapter 7 cases filed by Counsel from January 1, 2006, through July 1, 2009.  Counsel filed 17 cases during that period, 13 for individuals and 4 for corporations.

Only about twenty-three percent of Counsel's individual clients obtained the discharge for which a chapter 7 case is filed.  About seventy percent were dismissed without a discharge.  One case is open, but there is a pending notice of possible dismissal for failure to file § 521 information.

Of the four corporate cases, one was dismissed for failure to pay filing fees, another case was closed after the Court entered a written reprimand and admonition because Counsel failed to sign the bankruptcy petition, and the other two (2) cases remain pending.

Ten of the cases were dismissed for failure to file information required by Bankruptcy Code § 521 and FRBP 1007 or failure to pay filing fees.  In five cases, Counsel failed to sign the petition.  Mr. Lopez signed the petition in three cases and there was no signature at all in two cases.

The United States Trustee's memorandum of authorities[6] provides more detail and analysis.  The Court has reviewed it, agrees with it, and adopts it.

Mr. Fahey was provided with the United States Trustee's exhibits in advance and received a copy of the United States Trustee's memorandum.  Mr. Fahey did not contradict either.

_____

[6] Docket #15.

C.        Chapter 11 Cases

Attorneys must get permission of the Court be employed as counsel for a Debtor in Possession.[7]  In the most recent case that Counsel filed, the initial pleadings and the quality of the initial representation were so defective that the Court refused the approval required by § 327 and required disgorgement of fees under authority of § 329.  The details of that inadequate representation can be found in docket number 14, *In re Grupo Victoria Corporation* case number 09-50079.  The deficiencies noted include the following regarding "first day motions" on which Counsel sought emergency relief:

1. Copying certificates of service from pleadings in other cases with such negligence that the date of service was grossly misstated (the certificate states that the motion was served seven months before it was filed):
2. Failure to certify that emergency motions were served on the appropriate parties;
3. Obvious lack of understanding of the provisions of the Bankruptcy Code regarding the sale of property of the estate; internally inconsistent pleadings requesting the sale of property and other grossly negligent preparation of references to the Bankruptcy Code in those pleadings;
4. Failure to allege critical information that is essential and is routinely provided in motions to sell property;
5. Deficient compliance with the requirements for seeking emergency relief and inconsistencies between the allegations in the motion and the information in an attached list of property regarding the property to be sold;
6. Errors in electronic filing so that the title of a motion (as docketed) did not match the title of the motion that was filed;
7. Failure to comply with the Bankruptcy Code and Rules regarding disclosure of Counsel's compensation; alleging that attachments were filed, when they were not.[8]

D.        Failure to Comply with Rules for Electronic Filing

The Texas bankruptcy courts jointly issued Administrative Procedures for the Filing, Signing, and Verifying of Documents by Electronic Means in Texas Bankruptcy Courts (the "ECF Procedures").  Those procedures were jointly issued so that practice across the state would be as uniform as possible.  The procedures became effective on December 1, 2004.[9]

---

[7] Bankruptcy Code § 327.  That section specifically speaks to trustee's engagement of counsel, but the same rules apply to a debtor in possession in chapter 11 because the debtor has the powers, duties, and responsibilities of a trustee.

[8] *See also* docket # 22 in the *Grupo Victoria* case,, the objection filed by the United States Trustee.

[9] Those procedures are mandatory.  Before counsel is allowed to file pleadings electronically, counsel must compete a course that includes instruction on the procedures.  A copy of the procedures can be found on the Court's website at http://www.txs.uscourts.gov/attorneys/cmecf/bankruptcy/adminproc.pdf.

The ECF Procedures require that pleadings filed electronically must be signed.[10]  As noted above, many of the bankruptcy petitions that Counsel filed were either not signed, or were signed Mr. Lopez, not by Counsel as the administrative procedures and FRBP 9011 require.

The ECF Procedures also provide that when a document contains an original signature, Counsel may file the document electronically, but Counsel must retain the original document with original signatures for five years.  The original document must be provided to the Court or other parties for review.[11]  On May 15, 2009, the Court entered an order[12] that required Counsel to produce at a hearing on July 15 the original documents that the ECF Procedures required him to keep.  Counsel did not comply with the order.  The following colloquy took place which is recorded on the electronic recording at 2:33:34:

> MR. FAHEY: I have copies of the petition in bankruptcy in my file...but they are shown to be signed by me.  There's an electronic for me and debtors.
>
> JUDGE : You read the provision in your order requiring the production of originals?  Are you telling me that you don't have any original documents that were signed by your clients and filed in the docket electronically?
>
> MR. FAHEY:  I think I am saying that.

However, Counsel stated that he routinely complies with the ECF Procedures, and did not know why these records were not in the file.

E.        Authority For This Order

The Court has always had inherent power to regulate the practice of counsel appearing before the Court. *Chambers v. NACO, Inc.*, 501 U.S. 32, 111 S. Ct. 2123 (1991), *In re Johnson,* 921 F.2d 585 (5th Cir.1991), *Price v. Lehtinen*, 564 F.3d 1052, (C.A. 9, 2009), *In re Placid Oil Co.,* 158 B.R. 404, 411 (N.D.Tex.1993),. *In re Irons*, 379 BR 680 (Bankr., S.D. TX, 2007)

11 U.S.C. §§ 329, 330 require Court approval and review of counsel's fees. 11 U.S.C. § 330(a)(4)(B). Tex. Disciplinary R. Prof'l Conduct 1.01 *reprinted in* Tex. Gov't Code Ann., tit. 2, subtit. G app. A (Vernon Supp.2007) (Tex. State Bar R. art. X, § 9) require competent and diligent representation of clients and Tex. Disciplinary R. Prof'l Conduct 8.03 require the Court to report violations of the rule. Rule 9011 of the Federal Rules of Bankruptcy Procedure authorized sanctions for failure to use reasonable care in the preparation of documents.

In addition, *In re Lehtinen*, 564 F.3d 1052, 1058 (9th Cir. 2009) holds that bankruptcy judges have inherent authority to sanction for bad faith or willful misconduct even in the absence of express statutory authority and that the authority extends to suspend the attorney from practice.  *See also In re Raimbow Magazine, Inc.* 77 F.3d 278 (9th Cir. 1996).

---

[10] ECF Procedures part III(B)(1).
[11] ECF Procedures III(B)(4).
[12] Docket # 42, case number 08-50288, Melissa Hernandez.

Canon 3(B)(5) of the Code of Conduct for United States Judges provides that "A judge should take appropriate action upon learning of reliable evidence indicating the likelihood that a judge's conduct contravened this code or a lawyer violated applicable rules of professional conduct."

In 2005, Congress concluded that additional protections for bankruptcy debtors were necessary to protect them against incompetent and inadequate representation in bankruptcy cases. It amended the Bankruptcy Code to add the following provisions:

The term Debt Relief Agency is defined in § 101(12A) of the Bankruptcy Code as follows:

(12A) The term debt relief agency means any person who provides any **bankruptcy assistance** to an **assisted person** in return for the payment of money or other valuable consideration, ... (emphasis added).

The term Bankruptcy Assistance is defined in § 101(4A) as follows:

(4A) The term bankruptcy assistance means any goods or services sold or otherwise provided to an assisted person with the express or implied purpose of providing information, advice, counsel, document preparation, or filing, or attendance at a creditors' meeting or appearing in a case or proceeding on behalf of another or providing legal representation with respect to a case or proceeding under this title.

The term Assisted Person is defined in § 101(3) as follows:

The term assisted person means any person whose debts consist primarily of consumer debts and the value of whose nonexempt property is less than $164,250.[13]

In *Hersh v. United States of America*, 553 F.3d 743 (5th Cir. 2008), the Court of Appeals for the Fifth Circuit held that attorneys who represent consumer debtors for compensation are debt relief agencies.

Section 526(c)(2)(B) creates a duty (and liability for breach of the duty) by a debt relief agency to file information required by Bankruptcy Code § 521. In addition, § 526 prohibits a debt relief agency from failing to provide any service that such agency informed an assisted person [that] it would provide in connection with a bankruptcy case.

Competent representation and timely filing of documents is clearly an obligation that an attorney owes a bankruptcy client. Section 526 provides that when a debt relief agency

---

[13] Although the Court has not done a thorough analysis, review of the docket sheets indicates that the nonexempt property of almost all chapter 13 debtors is valued at less than $164,250. Therefore, almost all chapter 13 debtors are "assisted persons".

(attorney) fails to comply, the bankruptcy court may require refund of fees and for damages.[14]
The statute states:

> (c)(2) Any debt relief agency shall be liable to an assisted person in
> the amount of any fees or charges in connection with providing
> bankruptcy assistance to such person that such debt relief agency
> has received, for actual damages, and for reasonable attorneys' fees
> and costs if such agency is found, after notice and a hearing, to
> have--
>
> (B) provided bankruptcy assistance to an assisted person in a case
> or proceeding under this title that is dismissed or converted to a
> case under another chapter of this title because of such agency's
> intentional or negligent failure to file any required document
> including those specified in section 521…

Section 526(c)(5) provides:

> Notwithstanding any other provision of Federal law and in addition to any other remedy
> provided under Federal or State law, if the court, on its own motion or on the motion of
> the United States Trustee or the debtor, finds that a person intentionally violated this
> section, or engaged in a clear and consistent pattern or practice of violating this section,
> the court may--
>
> (A) enjoin the violation of such section; or
>
> (B) impose an appropriate civil penalty against such person.

## F.    PRIOR WARNINGS, ADMONITIONS, AND SANCTIONS HAVE BEEN UNAVAILING

Counsel's failure adequately to represent clients has been ongoing for several years.
Both the district court and the bankruptcy court have issued warnings, admonitions, and
sanctions.

The dismissal of 92% of Counsel's chapter 13 cases and dismissal of 70% of his chapter
7 cases over 3 years should be warning enough.  There were, in addition, oral guidance in many
hearings and written warnings, admonitions, and reprimands.  Those written documents include,
without limitation:

---

[14] This same authority can be found in § 329 of the Bankruptcy Code.

| No. | Case Number | Court | Docket # (DATE) -- Comments |
|---|---|---|---|
| 1 | 08-50030 | Bankruptcy | #10 (3/17/08) "Order Reopening Case and Requiring Hearing on Payment of Filing Fees" – case was reopened to determine why filing fee was never paid.<br><br>#15 (5/22/08) "Order Continuing Hearing and Requiring Additional Information" – Mr. Fahey stated that the reason for failure to pay the fees was deficiency in operating procedures in his office.  He states that filing fees for state and federal cases were commingles and some fees might not have been paid. When the Court asked whether the client had paid the filing fee in this case, Mr. Fahey stated that he did not know. |
| 2 | 08-50031 | Bankruptcy | #13 (3/17/08) "Order Reopening Case and Requiring Hearing on Payment of Filing Fees" – case was reopened to determine why filing fee was never paid.<br><br>#19 (5/22/08) Same as Docket # 15 Case No. 08-50030. |
| 3 | 08-50053 | Bankruptcy | #8 (3/17/08) "Order for Hearing on Payment of Filing Fee" – Court to hold a hearing to determine why filing fee was not paid.<br><br>#32 (05/22/008) Same as Docket # 15, Case No. 08-50030. |
| 4 | 08-50074 | Bankruptcy | #32 (05/09/08) "Order Vacating Dismissal and Requiring Hearing on Failure to File Electronically" – Mr. Fahey filed pay advices on April 28, 2008, 41 days after the case was commenced, and 4 days prior to automatic statutory dismissal. Mr. Fahey did not file these documents electronically, as the local rules require. Mr. Fahey filed the documents manually, resulting in delay while the documents were scanned and processed by the clerk's office. Consequently, although the documents were filed with the clerk on April 28, they were not docketed until May 8. On May 5, 2008, the Court issued an order dismissing the case for failure to file the pay advices. The case would not have been dismissed if the pay advices had been timely docketed..<br><br>#37 (5/22/08) – "Order for Continued Hearing and for Report to Court" – Mr. Fahey must determine whether his clients paid him the fees in those cases. Mr. Fahey must file a statement in this case record with that information; **no statement was ever filed.** |
|  | L-08-65 | District | #3 (2/07/08) Order of Dismissal of Appeal of Bankruptcy Order #31 -- failure to designate record/issues for appeal, moot (Judge Kazen) |
| 5 | 06-50167 | Bankruptcy | #12 (9/06/06) "Order Denying Application to Employ Fahey as Counsel" – Court reviewed the applicable documents in this case and could not conclude that the proper disclosure was made.  No verified statement was attached to application.  Application denied without prejudice. |
| 6 | 08-05004 | Bankruptcy | #28 (7/24/08) "Order Striking Answer of Defendant Arndt" -- failure to timely file answer and for failure of Mr. Fahey to appear at pretrial conference. |
|  |  | District | #38 (8/18/08) "Memorandum and Order Dismissing Appeal of |

| | | | |
|---|---|---|---|
| | | | Bankruptcy Court's entry of Default Judgment" -- untimely notice of appeal, failure to understand FRBP 8002(a) and 9006(f) (Judge Kazen) |
| 7 | 09-50079 | Bankruptcy | #14 (3/17/09) "Order… Setting Hearing on Application to Engage Counsel  -- -- The Court discusses numerous and critical deficiencies in Debtor's "first day" chapter 11 motions. The Court could not determine that Debtor and Mr. Fahey understand and will comply with their fiduciary duties as a debtor in possession.  Application to employ Mr. Fahey as counsel failed to attach a Rule 2016(b) statement and failed to disclose the source of and structure of compensation.<br><br>#26 (4/16/09) "Order Denying Applications to Engage Counsel and Requiring Disgorgement" – Mr. Fahey ordered to disgorge his $10,000 fee, and must apply for compensation under 11 U.S.C. §330(a). |
| 8 | 08-50183 | Bankruptcy | #13 (07/01/08) "Order Setting Hearing on Sanctions…" Mr. Fahey filed a petition, but petition was not signed by counsel.  Court set hearing to determine whether sanctions or dismissal were appropriate.<br><br>#20 (8/18/08) "Written Reprimand and Admonition of Debtor's Counsel, Referral to State Bar" – The conduct referenced in this reprimand and admonition reflects the same grossly negligent and incompetent practices found by District Judge Alvarez.  The Court warned that if the conducts persists, the Court will refer the matter to the Chief District Judge with the recommendation that Mr. Fahey be removed from the list of attorneys allowed to practice in this Court, or take action under 11 U.S.C. § 526 to enjoin Mr. Fahey and his paralegal from violating the provisions of that section. |
| | L-09-13 | District | #6 "Memorandum and Order Denying Leave to Appeal" – The Court found 'no basis' for carrying a series of interlocutory appeals. The order of dismissal is modified to reflect that Appellant (Fahey) is denied leave to filed the Notice of Appeal of September 30. (Judge Kazen) |
| 9 | 08-05009 | Bankruptcy | #5 (1/09/09) "Order Dismissing Adversary Proceeding for Want of Prosecution" – The bankruptcy case was closed on January 17, 2008.  It was reopened on Debtor's (Mr. Fahey's) request to allow Debtor to bring suit against the City of Laredo.  Even though the case was reopened as requested, Debtor did not file an adversary proceeding against the City within 30 days after the case was reopened, and the Court closed the case for want of prosecution.  Debtor filed a motion to reconsider the closing of the case.  At hearing, the Court indicated concern about failure to file the adversary timely, but the Court granted the relief requested and vacated the order closing the case, but required Debtor to file the adversary proceeding against the City prior to November 12, 2008.  The Adversary was filed by the deadline, and the Court set an initial pretrial conference for January 8, 2009 and comply with FRCP 26.  Plaintiff (represented by Mr. Fahey) did not request or serve the summons or complaint prior to the pretrial conference, and did not file a Rule 26 report as ordered.  When the adversary proceeding was called for pretrial conference on January 8, Mr. Fahey did not appear.  Twenty minutes later, Mr. Fahey appeared and stated that he had 'miscalendered' the pretrial conference and had simply neglected to obtain a summons and serve the complaint. |

| | L-09-14 | District | #2 (2/03/09) "Order" -- Requiring Compliance with the Bankruptcy Rules and provide the required documentation on or before 2/12/09. Failure to comply with the Bankruptcy Rules or the Court's order may result in sanctions against Appellant and/or its counsel, including dismissal. (Judge Kazen) |
|---|---|---|---|
| | | | #7 (6/29/09) "Memorandum" -- Reversing dismissal, but suggesting that the bankruptcy judge should consider sanctions against Appellant's attorney  (Judge Kazen). |
| | 08-5009 | Bankruptcy | #20 (7/06/09) "Order for Hearing on Sanctions on Debtor's Counsel" – The Court will hold a hearing on determination of appropriate sanctions. |
| 10 | 06-50210 | Bankruptcy | #118 (10/24/08) "Order for Hearing on Motion to Vacate" – Former Debtor filed a second motion asking the Court  to vacate the second order closing the case.  Court scheduled hearing to give counsel an opportunity to explain the inability to file a pleading for relief in this case from October 6, through October20. |
| 11 | L-08-64 | District | #3 (7/21/08) "Order" -- Requiring Appellant to comply with FRBP 8006. Failure to comply within five days of this order may result in sanctions. (Judge Alvarez) |
| | | | #4 (8/04/08) "Order" -- Dismissing case with prejudice for failure to comply with FRBP and District Court's order, and imposing sanctions. The Court noted that Mr. Fahey's initial bankruptcy filings have been dismissed at least eighteen (18) times for failure to meet deadlines. 'Fahey has not only disrespected this Court's orders on numerous occasions, but has also engaged in continuous disservice to his clients.' (Judge Alvarez) |
| | | | #9 (10/23/08) "Order" -- Denying Second Motion for Relief.  Movant failed to establish Court's order sanctioning Mr. Fahey is void. (Judge Alvarez) |
| | 08-41263 | 5th Circuit | #3 (2/06/09) "Order of USCA for the 5th Circuit" – The appeal is dismissed for want of prosecution.  Appellant failed to timely file brief and record excerpts. |
| 12 | L-07-52 | District | #4 (8/16/07) "Order" --Requiring appellant to comply with Bankruptcy Rules within in 5 days of this order or sanctions may be imposed.  (Judge Alvarez) |
| | | | #6 (11/07/07) "Order" --  Dismissing appeal with prejudice for failure to comply with Bankruptcy Rules and this Court's Order.  'Given Mr. Fahey's failure to comply with the bankruptcy rules, this Court's order, and the failure to diligently prosecute, Appellant's case is DISMISSED.' (Judge Alvarez) |
| 13 | L-05-193 | District | #3 (4/06/06) "Order" --  Dismissing Appeal for failure to comply with FRBP 8002(a). 'Because appellant's notice of appeal was untimely, the Court was deprived of its jurisdiction.  As such, Debtor's motion to Dismiss is hereby GRANTED. (Judge Alvarez) |

| | 06-40952 | 5th Circuit | #2 Order of USCA for the 5th Circuit" – Dismissed pursuant to Local Rule 42.  Appellant failed to pay docketing fee |
|---|---|---|---|

As noted above with respect to Armendariz, Hernandez, and failure to comply with ECF filing procedures, earlier more limited sanctions appear to have been inadequate.

## CONCLUSION

Counsel has displayed, and continues to display, incompetence and disregard for the statutes and rules that govern bankruptcy practice.  While some of the blame for these failures perhaps rests on Counsel's paralegal, unreasonable delegation is itself a violation of the rules and of the statute.

The Court has tried to change these behaviors by earlier, more limited, orders and admonitions.  But those measures have had no success.

The Court agrees with the chapter 13 Trustee and with the US Trustee that protection of the public requires that Mr. Fahey be enjoined from further bankruptcy practice until he can convince the Court that he will practice in accordance with the statute, rules, and ethics requirements applicable to attorneys.

Therefore, an injunction is today issued under authority of Bankruptcy Code § 526 and the other authority cited above which prohibits Counsel from providing Bankruptcy Assistance to Assisted Persons.

Section 526 only applies to consumer cases.  But Counsel's conduct is so egregious that the Court believes that he is subject to discipline under the Rules of Discipline, United States District Court, Southern District of Texas.  Those rules require referral of the matter to the Chief Judge of the Southern District of Texas, with a copy to the Clerk.  The Court will forward this opinion accordingly.  The Court recommends that Mr. Fahey be denied the privilege of practicing bankruptcy law (consumer or business cases) in the Southern District of Texas until he can demonstrate competence and a willingness to comply with the rules.

Under the Court's duty to report to the State Bar of Texas, a copy of this order will be appropriately forwarded.

SIGNED 09/01/2009.

_Wesley W. Steen_
Wesley W. Steen
United States Bankruptcy Judge